IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SERVICE EMPLOYEES INTERNATIONAL UNION (SEIU), DISTRICT 1199 WV/OH/KY THE HEALTH CARE AND SOCIAL SERVICE UNION, CTW, CLC** <br> 1395 Dublin Road <br> Columbus, OH 43215 | : <br> : <br> : <br> : <br> : <br> : <br> : | CASE NO. 1:21-cv-533 <br><br> JUDGE: _____ |
| Plaintiff/Petitioner, | : | |
| v. | : | |
| | : | |
| **AJ R&R HOLDING COMPANY LLC,** <br> c/o Eric Simon, Statutory Agent <br> 200 Public Square, Suite 3500 <br> Cleveland, OH 44114, | : <br> : <br> : <br> : <br> : | |
| **CERTUS HEALTHCARE MANAGEMENT, LLC, dba CERTUS HEALTHCARE** <br> 20265 Emery Road <br> Cleveland, OH 44128, | : <br> : <br> : <br> : <br> : | |
| **AJ CANDLEWOOD PARK OPCO, LLC dba CANDLEWOOD HEALTHCARE AND REHABILITATION, LLC** <br> 1835 Belmore Road <br> Cleveland, OH 44112, | : <br> : <br> : <br> : <br> : | |
| **AJ CITYVIEW NURSING & REHAB OPCO, LLC, dba CITYVIEW HEALTHCARE AND REHABILITATION, dba CITYVIEW NURSING AND REHABILITATION** <br> 6066 Carnegie Avenue <br> Cleveland, OH 44103, | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| **AJ SUBURBAN PAVILION OPCO, LLC**, **dba SUBURBAN HEALTHCARE AND REHABILITATION, dba SUBURBAN PAVILION**, **previously OHNH, EMP, LLC** <br> 202065 Emery Road <br> Cleveland, OH 44128, | : <br> : <br> : <br> : <br> : <br> : | |
| Defendants/Respondents. | : | |

# PETITION/COMPLAINT TO COMPEL ARBITRATION

1. This action is brought by a labor organization seeking to compel the Defendant/Respondent ("Defendant") employers to abide by the arbitration provisions of three (3) collective bargaining agreements to which Plaintiff/Petitioner ("Plaintiff") District 1199 and the Defendants are parties.

2. This Court has jurisdiction over this matter pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C Section 185.

3. Defendant Certus Healthcare ("Certus") operates seven (7) skilled nursing and rehabilitation facilities in Ohio, including the facilities owned by Defendants-- AJ Candlewood Park OPCO, LLC, dba Candlewood Healthcare and Rehabilitation ("Candlewood); AJ Cityview Nursing & Rehab OPCO, LLC dba Cityview Nursing and Rehabilitation ("Cityview"); and AJ Suburban Pavilion OPCO, LLC, dba Suburban Healthcare and Rehabilitation ("Suburban") all located in Cleveland, Ohio. Ultimately, these homes are all owned by Defendant AJ R&R Holding Company LLC.

4. Defendant Certus is an employer in an industry affecting commerce as defined in 29 U.S.C Sections 152(2), 141 and 142(3), and within the meaning of 29 U.S.C Section 185.

5. Defendant Candlewood is an employer in an industry affecting commerce as defined in 29 U.S.C Sections 152(2), 141 and 142(3), and within the meaning of 29 U.S.C Section 185.

6. Defendant Cityview is an employer in an industry affecting commerce as defined in 29 U.S.C Sections 152(2), 141 and 142(3), and within the meaning of 29 U.S.C Section 185.

7. Defendant Suburban is an employer in an industry affecting commerce as defined in 29 U.S.C Sections 152(2), 141 and 142(3), and within the meaning of 29 U.S.C Section 185.

8. Defendant AJ R&R Holding Company is an employer in an industry affecting commerce as defined in 29 U.S.C Sections 152(2), 141 and 142(3), and within the meaning of 29 U.S.C Section 185.

9. Plaintiff, the Service Employees International Union (SEIU), District 1199 WV/OH/KY, the Healthcare and Social Service Union (hereafter "District 1199") is the exclusive bargaining representative of certain employees at the Cityview, Candlewood, and Suburban facilities in Cleveland, Ohio, and is a labor organization representing employees in an industry affecting commerce as defined in 29 USC Sections 152(5), 142(1) and 142(3).

10. Defendants all maintain an office and conduct business in Cuyahoga County, Ohio. The three (3) collective bargaining agreements ("CBAs") between the Plaintiff and Defendant Candlewood, Cityview, and Suburban were negotiated in, and pertain to employees employed in Cuyahoga County, Ohio. Defendant Certus maintains an office and operates facilities in Cuyahoga County. Defendant AJ R&R Holding Company own facilities located in Cuyahoga County. Venue is therefore proper with this Court.

11. Plaintiff District 1199 and Defendant Candlewood are parties to a CBA, which is in effect from August 16, 2019 to August 15, 2022. Defendant Certus operates the Candlewood facility. A true copy of CBA is appended hereto as <u>Exhibit A</u> and is incorporated herein. The CBA provides at Article 8 for a grievance process that includes an arbitration procedure, which culminates in final and binding arbitration. <u>Exhibit A</u>, pp. 10-11.

12. On or about July 1, 2020, a grievance was filed by the Plaintiff at the Candlewood facility regarding adjustment of wages under the CBA. A true copy of the grievance filed in this matter is attached as Exhibit B.

13. The grievance proceeded through the grievance procedure described in Article 8 of the CBA and eventually the Plaintiff sought arbitration. A panel of arbitrators was received from the Federal Mediation and Conciliation Services (FMCS) on or about January 4, 2021 by Plaintiff District 1199 and Administrator Edeh Nkechi of Candlewood Healthcare. FMCS assigned case number 210104-02735 to the case. A true copy of the FMCS panel received is attached as Exhibit C.

14. Pursuant to Section 8.2(C) of the CBA, "[t]he method of selecting the arbitrator shall be as follows: First, representatives of the Employer and the Union will attempt to select an arbitrator by agreement. If the parties are unable to agree on an arbitrator, they shall proceed to alternately strike one name from the list (the right to strike the first name having been determined by lot) until only one names remains, and that named person shall be the arbitrator to hear the case." See Exhibit A, p. 11.

15. After several other requests to select an arbitrator pursuant to Section 8.2(C) of the CBA including an email to Defendant Certus Counsel Scott Salsbury on January 7, 2021, Plaintiff District 1199 through an email sent by District 1199 Administrative Organizer Vanessa Dalesandro again asked to schedule a time to strike the panel for this case on January 21, 2021. Later that same day, Eric Hutchins, Vice President for Operations at Defendant Certus Healthcare informed Ms. Dalesandro that "[if] we choose to strike a panel, we will inform you accordingly." To date, neither Defendants Certus nor Suburban have made a procedural objection to this grievance. As of the date of this filing, no

4

arbitrator has been selected. A true copy of the email sent by Ms. Dalesandro to Mr. Salsbury and the exchange between Ms. Dalesandro and Mr. Hutchins are set forth as Exhibits D and E.

16. Plaintiff District 1199 and Defendant Cityview are parties to a CBA, which is effective from August 14, 2019 to August 13, 2022. Defendant Certus operates the Cityview facility. The CBA provides at Article 9 for a grievance procedure that includes an arbitration procedure, which culminates in final and binding arbitration. The CBA is appended hereto as Exhibit F, and is incorporated herein.

17. On or about November 13, 2020, a grievance was filed by the Plaintiff at the Cityview facility at Step 2 of the grievance procedure regarding the removal of an employee from the schedule with Defendant Cityview Administrator Dewald. A true copy of the grievance filed in this matter is attached as Exhibit G.

18. On November 30, 2020, the grievance was denied at Step 2 by Defendant Cityview Administrator Dewald and District 1199 appealed the decision to mediation that same day by Ms. Dalesandro. On December 6, 2020, Ms. Dalesandro requested a response to her mediation request. Arbitrator Dewald denied the request for mediation. Defendant Certus Vice President Hutchins was copied on the various emails.

19. Plaintiff District 1199 notified Cityview of its intent to proceed to arbitration and a panel of arbitrators was requested from FMCS on December 10, 2020, which was received from the FMCS on or about December 15, 2020 by Plaintiff District 1199 and Mr. Hutchinson. FMCS assigned Case Number 211215-02330 to the case. True copies of the email correspondence between Administrator Dewald and Ms. Dalesandro, as well as the FMCS arbitration panel are attached as Exhibits H and I.

20. Article 9, Section 3 of the CBA states that: "[g]rievances that are not resolved by application of the Grievance Procedure, or where mediation is not utilized, may be submitted to arbitration by either party serving written notice within fourteen (14) calendar days to the other, whereupon the parties shall mutually consider the appointment of an arbitrator. If agreement cannot be reached within ten (10) calendar days, then the Employer or the Union may request a list of neutral arbitrators from the Federal Mediation and Conciliation Service. The names submitted shall be struck alternatively by the parties until one (1) remains who shall be the neutral arbitrator." See <u>Exhibit F</u>, p. 12.

21. Ms. Dalesandro requested a time to select an arbitrator on several occasions, including January 7 and January 21, 2021. On January 21, 2021, Eric Hutchins, Vice President for Operations at Defendant Certus Healthcare informed Ms. Dalesandro that "[if] we choose to strike a panel, we will inform you accordingly." To date, neither Defendants Certus nor Suburban have made a procedural objection to this grievance. As of the date of this filing, no arbitrator has been selected. A true copy of the email exchanges are attached as <u>Exhibits D and E.</u>

22. On January 11, 2021, Plaintiff District 1199 filed another grievance with Defendant Cityview regarding the removal an employee from the schedule. Defendant Cityview denied the grievance at Step 1 and Step 2 without a hearing on January 13 and 20, 2021 respectfully. That same day, District 1199 appealed the matter to mediation. There was no response and District 1199 sent a notice to arbitrate on January 20, 2021. A true copy of the grievance and routing sheet is attached hereto as <u>Exhibit J.</u>

23. A FMCS panel was received on or about January 28, 2021 by Plaintiff District 1199 and Mr. Hutchinson. FMCS assigned case number 21028-03418 to the grievance. A true copy

of the panel is set forth as <u>Exhibit K</u>. As of the date of this filing, neither Defendant Cityview nor Defendant Certus have agreed to strike an arbitration panel in this grievance pursuant to Article 9, Section 3 of the CBA found at page 12 of <u>Exhibit F</u>.

24. On January 21, 2021, Plaintiff District 1199 filed a class action grievance at Step 2 with Defendants Cityview for reduction of hours and shifts. Defendant Cityview and/or Defendant Certus failed to respond at any step. District 1199 appealed the matter on January 28, 2021. A true copy of the grievance is attached hereto as <u>Exhibit L.</u>

25. A FMCS panel was sent to Ms. Dalesandro and Mr. Hutchinson on or about January 28, 2021. FMCS assigned case number 210228-03419 to the grievance. A true copy of the panel is set forth as <u>Exhibit M</u>. As of the date of this filing, neither Defendant Cityview nor Defendant Certus have agreed to strike an arbitration panel in this grievance pursuant to Article 9, Section 3 of the CBA found at page 12 of <u>Exhibit F</u>.

26. On January 21, 2021, Plaintiff District 1199 filed a class action grievance at Step 2 with Defendant Cityview for failure to provide access to employee paystubs. Defendant Cityview and/or Defendant Certus failed to respond at any step. District 1199 appealed the matter on January 28, 2021. A true copy of the grievance is attached hereto as <u>Exhibit N.</u>

27. A FMCS panel was sent to Ms. Dalesandro and Mr. Hutchinson on January 28, 2021. FMCS assigned case number 210128-03420 to the grievance. A true copy of the panel is set forth as <u>Exhibit O</u>. As of the date of this filing, neither Defendant Cityview nor Defendant Certus have agreed to strike an arbitration panel in this grievance pursuant to Article 9, Section 3 of the CBA found at page 12 of Exhibit F.

28. Plaintiff District 1199 and Defendant Suburban are parties to a collective bargaining agreement ("CBA"), which was in effect from December 13, 2015 to December 12, 2020. The CBA is appended hereto as <u>Exhibit P</u>, and is incorporated herein. The CBA provides at Article 12 for a grievance procedure that includes an arbitration procedure, which culminates in final and binding arbitration.

29. On or about November 16, 2020, a grievance was filed via email with Defendant Suburban Administrator Austin at Step 2 regarding discriminating against employees due to their union activity and eroding the bargaining unit. A true copy of the grievance is attached hereto as <u>Exhibit Q</u>.

30. Plaintiff District 1199 received no response to its grievance by December 1, 2020 and appealed to the next step of the grievance process. No response was received to the Step 3 appeal by December 16, 2020, and District 1199 appealed the matter to arbitration. A true copy of the emails sent by Ms. Dalesandro are attached hereto as <u>Exhibit R</u>.

31. A panel of arbitrators was received from FMCS on or about December 22, 2020 by Plaintiff District 1199 and Mr. Aston. FMCS assigned case number 211222-02546 to the case. A true copy of the FMCS panel is attached as <u>Exhibit S</u>.

32. Article 12, Section 5 of the CBA, "…either party may request the Director of the United States Federal Conciliation Service to submit to them a list of seven (7) arbitrators. The method of electing the arbitrator shall be as follows: first representatives of the Employer and the Union will attempt to select an Arbitrator by agreement. If the parties are unable to agree on an arbitrator, they shall proceed to alternately strike one name from the list (the right to strike the first name having been determined by lot) until only one names

remains. The one (1) remaining name will thus become the arbitrator…" See Exhibit P, p. 11.

33. After several other requests to select an arbitrator pursuant to Section 8.2(C) of the CBA, District 1199 through an email send by Administrative Organizer Vanessa Dalesandro again asked to schedule a time to strike the panel on January 21, 2021. Later that same day, Eric Hutchins, Vice President for Operations at Certus Healthcare informed Ms. Dalesandro that "[if] we choose to strike a panel, we will inform you accordingly." To date, neither Defendants Certus nor Suburban have made a procedural objection to this grievance. As of the date of this filing, no arbitrator has been selected. A true copy of the email reply is set forth as Exhibits D and E.

34. The refusal to strike a list of arbitrator or mutually agree to an arbitrator in FMCS Case No. 210104-02735 by Defendant Certus and Defendant Candlewood, and their corresponding refusal to process the grievance constitutes a dispute rising from and violation of the collective bargaining agreement set forth in Exhibit A and results in harm to the Plaintiff and the members/grievants whom the Plaintiff represents.

35. The refusal to strike a list of arbitrator or mutually agree to an arbitrator in FMCS Case Nos. 211215-02330, 210228-03418, 210228-03419, and 210128-03420 by Defendant Certus and Defendant Cityview, and their corresponding refusal to process the grievances constitute disputes arising from and separate violations of the collective bargaining agreement set forth in Exhibit F and results in harm to the Plaintiff and the members/grievants whom the Plaintiff represents.

36. The refusal to strike a list of arbitrator or mutually agree to an arbitrator in FMCS Case No. 211222-02546 by Defendant Certus and Defendant Suburban, and their

corresponding refusal to process the grievance constitutes a dispute rising from and a violation of the collective bargaining agreement set forth in <u>Exhibit P</u> and results in harm to the Plaintiff and the members/grievants whom the Plaintiff represents.

WHEREFORE, Plaintiff District 1199 requests that this Court:

1. Grant an order compelling the Defendants to proceed to arbitration with District 1199 concerning the grievances at issue;

2. Award Plaintiff District 1199 its costs in this action, including reasonable attorney fees; and

3. Grant such other relief as this Court deems appropriate.

Respectfully submitted,

/s/ Cathrine J. Harshman
Cathrine J. Harshman (0079393)
Harshman & Wannemacher
3360 Tremont Road, Suite 230
Columbus, Ohio 43221
Telephone: (614) 442-5626
Trial Attorney,
Plaintiff SEIU District 1199